BOLIN, Judge.
Plaintiffs’ suit for a declaratory judgment is submitted to this court upon an agreed stipulation of facts containing the following: “ * * * the only issue presented in this action is whether the recordation of the subdivision plat by defendants, with the designation of Tract A as a “Proposed Park” on the subdivision plat, and subsequent sales of property in said subdivision with reference to said plat, constitutes a dedication of Tract A as a public park so as to prevent its subsequent use for any other purpose.” For written reasons the lower court rendered judgment adverse to plaintiffs and they appeal.
In November, 1961, Western Hills, Inc. filed a plat of Western Hills Subdivision East, Unit #1, in the Conveyance Records of Caddo Parish, Louisiana. A certified copy of the plat was attached to plaintiffs’ original petition. The plat reflects the property was subdivided into seventeen lots; streets and easements were delineated thereon; a portion of land identified as “Tract C” also appears on the plat and the largest section of land on the subdivision was denominated “Tract A Proposed Park”. The plat was signed by the president of the owner, Western Hills, Inc., and a registered civil engineer, and was also approved by the parish engineer and the planning director. Above the signature of the owner appears a dedication containing, among other things, the following: “The undersigned owner hereby dedicates to the public use in perpetuity the streets and the easements for utilities and for drainage on this subdivision plat.” (The remainder of the legend pertains to dedication of servi-tudes to various utilities and has no application to the issue before us.)
Subsequent to the filing of the aforementioned subdivision plat, Ronald O’Quinn and Joseph Traigle purchased Lots 9 and 10 of the. subdivision and each act of sale was made with reference to the subdivision plat.
Defendants later filed an application with the proper governmental agency for rezoning of the portion shown on the plat as “Tract A Proposed Park” in order to build an apartment complex. This application, initially denied by the Shreveport Metropolitan Planning Commission, was appealed .to the Caddo Parish Police Jury which granted the application for rezoning. Plaintiffs then instituted the present action seeking a declaratory judgment decreeing that Tract A had been dedicated to the public for use as a public park.
There are two methods by which Tract A could be dedicated to public use as a park. These are (a) statutory dedication, and (b) implied dedication.
Statutory dedication is provided for in La.R.S. 33:5051, which provides:
“Whenever the owner of any real estate desires to lay off the same into squares or lots with streets or alleys between the squares or lots and with the intention of selling or offering for sale any of the squares or lots, he shall, before selling any square or lot or any portion of same, cause the real estate to be surveyed and *662 platted or subdivided by a licensed surveyor or civil engineer into lots or blocks, or both, each designated by number, and set stakes, which shall be permanent in nature, at all of the corners of every lot and block thereof, properly marked so as to designate the correct number of each lot and block; write the legal description of the land on the plat or map, and cause to be made and filed in the office of the keeper of notarial records of the parish wherein the property is situated and copied into the conveyance record book of such parish, and a duplicate thereof filed with the assessor of the parish a correct map of the real estate so divided, which map shall contain the following:
“(1) The section, township, and range in which such real estate or subdivision thereof lies according to government survey.
“(2) The number of squares by numerals from 1 up, and the dimensions of each square in feet and inches.
“(3) The number of each lot or subdivision of a square and its dimensions in feet and inches.
“(4) The name of each street and alley and its length and width in feet and inches.
“(5) The name or number of each square or plat dedicated to public use.
“(6) A certificate of the parish surveyor or any other licensed surveyor or civil engineer of this state approving said map and stating that the same is in accordance with the provisions of this Section and with the laws and ordinances of the parish in which the property is situated.
“(7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys and public squares or plats shown on the map to public use. As amended Acts 1962, No. 34, § 1.”
Our examination of the recorded plat in the instant case convinces us it complied with all of the requirements of R.S. 33:5051. As previously pointed out the “legend”, or dedicatory language, on the plat referred only to streets and certain easements and it did not dedicate Tract A as a park nor did it express any intent that the tract zvas to become a park in the future. We have been cited to no law, and know of none, that requires an owner desiring to subdivide and sell property pursuant to the cited statute to include in his dedication all areas “proposed” for various uses. In fact, one of the best ways to indicate a contrary intention is to comply with the statute and make no such dedication.
 Implied dedication, often denominated “common law dedication” or “dedication by estoppel” has application where although there has been no substantial compliance with the statute nevertheless the property owner has sold property by reference to a recorded plat. An intention on the part of the owner to dedicate must be proved since no one is presumed to give his land away or to burden it with a servitude. See Torres v. Falgoust, 37 La.Ann. 497 (1885).
In addition to finding an intention to dedicate, implied dedication has been based on estoppel in pais. The court, in Town of Vinton v. Lyons, 131 La. 673, 60 So. 54 (1912), cited by appellants, based its conclusion that a tract shown on a recorded plat as a “park” had become dedicated to the public upon the estoppel theory. There the court said that setting aside the block as a park on a plat, in subdividing a tract into lots and blocks for the purpose of establishing a town, “had the effect of increasing the value and desirability of the other lots * * *. The law considers, under such circumstances, that the value of the land dedicated goes into the remaining property and is received by the owner in making sales at an increased price.”
Appellants also cite Esposito v. Gaudet et al., 8 So.2d 783, La.App.Orl. (1942), in *663 support of their argument that Tract A became a public park by implied dedication. In Esposito plaintiff was suing for the return of the purchase price of four lots, contending the lots had previously been dedicated to public use. The area in question had been designated on a plat as a “proposed street.” The plat did not comply with the statute and the court reviewed the cases holding where an owner causes a plat of a subdivision to be made which depicts streets, alleys and other portions as set aside for the use of the public and then makes sales according to that plan, there results a dedication to public use of those ■designated portions. The court went further in Esposito and held that a dedication resulted even though the property was shown on the plat as a “proposed street.” However, it is to be noted in that case that since the plat had never been recorded the court was dealing with an implied dedication. The intention to dedicate was, therefore, a matter to be determined by subsequent acts such as sales pursuant to the plat. In the course of its opinion the court, quoting from Corpus Juris Secun-dum, said: “Where an owner makes a sale of land with reference to a map or plat, in the absence of a manifestation of a contrary intention, he thereby manifests an intention to dedicate the streets and alleys shown thereon to the public use.” (Emphasis added).
We conclude a dedication may be either statutory or implied but that it cannot be both. The distinguishing difference between a statutory dedication and an implied dedication is that the former operates by way of a specific grant from the owner of the land; the dedication becomes effective by the mere filing of the plat in the public records. An implied dedication springs into existence by some future act which manifests an intention to dedicate and has the effect of estopping the owner to deny a dedication has been made.
By way of clarification we hold the trial court was correct in concluding the dedication in the instant case was made pursuant to R.S. 33:5051 and that, since the owner expressly dedicated the streets and alleys but made no dedication of the area delineated as a “proposed park”, the title to such area remained in the owner.
The judgment appealed from is affirmed at appellants’ cost.