STOULIG, Judge.
Plaintiffs, Mr. and Mrs. Raymond Ronq-uill, Jr.; Ronald T. Carter; and Woodland West Civic Improvement Association, Inc., filed suit[1] to enjoin Woodland West Country Club, Inc. (Woodland), and J.I.D., Inc., from discontinuing operation of a private golf and country club partially located in Woodland West Subdivision so that the property can be subdivided for residential development. The suit of the individual plaintiffs against Woodland and J.I.D., Inc., was dismissed on an exception of no cause of action while that of the civic association, who owns no property in the subdivision, was dismissed on an exception of no right of action.
On June 15, 1967, Woodland bought the disputed tract subject to this restriction:
“The said property hereinabove described shall be used for the sole purpose of a private golf course and golf club for a period of not less than ten (10) years from the date of this act of sale.”
Defendant Woodland met this condition by operating the club through November 1977.
The individual plaintiffs whose properties abut the golf course challenge Woodland’s right to change the character of the land. Primarily they assert that a survey of the subdivision by S. K. Landry, C. E., dated November 6, 1963 and amended June 30, 1964, depicts the golf' course, and because the individual plaintiffs and many other owners in the subdivision acquired under descriptions that referred to the recorded survey, defendant has expressly or tacitly dedicated the land as a golf course and is estopped from changing its character.
The Ronquills bought in 1965; Carter, in 1972. At the time both acquired there was recorded in the public records of Jefferson Parish on March 12,1964 an Act of Re-Subdivision dated February 27, 1964, which recited, among other things, that the “* * * dedication includes only that area which comprises the abovemention [sic] streets, and does not include any golf courses etc.”
Under R.S. 9:2722, the plaintiffs may not now expand their titles to impose by implication a servitude in their favor where the public records clearly negated the golf course was in fact dedicated at the time of their purchases. Land privately owned will not be treated as impliedly dedicated when a recorded act of dedication manifests no intent to so dedicate. See O’Quinn v. Burks, 231 So.2d 660 (La.App.2d Cir. 1970).
From the documentary evidence, it is apparent there is no contractual servitude established in favor of plaintiffs. Nor has the golf course been dedicated for the common use of the subdivision. Therefore the individual plaintiffs have no cause of action because even if all the allegations in their petition and supplemental petition are proven, Woodland owes no servitude.
As to J.I.D., Inc., the pleadings and documents fail to establish any ownership in the Woodland realty or any contractual agreement from which an obligation to grant the alleged servitudes might flow.
*955 The Civic Association — an association of property owners in Woodland West Subdivision but itself owning no property or any realty right in the subdivision — lacks the capacity or interest to join in this suit and was properly dismissed.
For the reasons assigned, the judgment appealed from is affirmed at appellants’ cost.

AFFIRMED.

. Joined as defendants were Harvey Country Club Estates, Inc., the plaintiffs’ author-ancestor in title, developer of Woodland West Subdivision. The merits of the claim against Harvey Country Club Estates, Inc., has not been litigated and therefore is not before us. The individual members of the Jefferson Parish Council and its president were also cited but were dismissed from the suit on plaintiffs’ verbal agreement. The appellants’ brief does not indicate a claim against the council members, but because they were not formally dismissed from the proceeding, a brief was filed on their behalf out of an abundance of caution. The judgment did not consider the Parish officials’ positions in this litigation obviously because plaintiffs verbally committed themselves to dismissing the suit.