KNOLL, Judge.
This appeal concerns a determination of whether a vacant 4.053 acre tract of undeveloped land in the Charles Park Addition Subdivision in Alexandria, Louisiana (the City) was dedicated to public use as a park. On defendants’ motion for summary judgment, the trial court held that the City owned the property as a public thing by virtue of an implied dedication.
The plaintiffs[1] (collectively referred to as “the Whites”), were attempting to develop the disputed property. They contend on appeal that the trial court erred in: (1) finding that the property was impliedly dedicated to the public by virtue of the filing of the plat of subdivision; (2) finding that the property was a public thing owned by the City in its capacity as a public person by virtue of the implied dedication; and, (3) failing to find that the renunciation of servitude executed by the Red River, Atchafalaya, and Bayou Bouef Levee District (Levee District) on March 27, 1985, was valid. Finding the recording of a plat with a vacant tract marked “PARK”, and the sale of lots according to the plat, constitutes an irrevocable dedication to the public use, we affirm.
FACTS
In January of 1977, Charles N. White, Inc., recorded a plat of the Charles Park Addition Subdivision. Although the plat showed many other lots, Charles Park Addition was identified as the lots numbered 316 through 326 on the plat. In addition to delineating lots, streets, and utility easements, the plat also referenced an undeveloped tract across Wycliff Way, the main street through the subdivision, that was labeled “PARK.” This undeveloped tract labeled “PARK” forms the basis of this dispute. The plat contained language dedicating the streets and utility easements to public use, but it failed to include a specific reference to the tract labeled “PARK.” Lots in the subdivision were then sold which referenced the recorded plat.
In December of 1982, Charles N. White sold the disputed property with warranty to Paul D. White, Sr., who in turn sold the property in December of 1985 to the Whites, the plaintiffs herein.
In 1989, the Whites applied for permission from the Rapides Area Planning Com *812 mission to develop this property as a residential subdivision. Their request was denied after the neighboring landowners and the City claimed that the property was dedicated to public use as a park in 1977. The Whites then filed this possessory action against the eight adjoining landowners, the City, and the Levee District, all defendants herein[2], alleging that the actions of defendants and the recordation of certain documents amounted to a disturbance of their peaceable possession of the property.
The landowner defendants filed a motion for summary judgment, asking the trial court to declare that the disputed property was a “public thing” and was therefore insusceptible of possession by private persons. The Whites also moved for summary judgment, seeking a ruling that the property was not a “public thing.” The Whites further asked the trial court to declare that the City and the landowners converted the suit into a petitory action when they pleaded the City’s ownership of the property, and that the Levee District renounced any conventional and/or legal servitude that it may have owned over the property.
The trial court concluded that the City owned the property by virtue of an implied dedication. Because of the trial court’s ruling on the dedication issue, it regarded the issue of renunciation of the Levee District’s servitude moot. The Whites bring this appeal.
DEDICATION OF PARK
The Whites contend that the trial court erred in its determination that there was a dedication of the park to public use in 1977.
A statutory dedication is effected when an owner of real estate files a subdivision plat that substantially complies with the requirements of LSA-R.S. 33:5051[3]. The intent to dedicate is generally pre *813 sumed from the act of filing the subdivision plan. Parish of Jefferson v. Doody, 247 La. 839, 174 So.2d 798 (1965). A statutory dedication may exist even though there is no language in the plat formally dedicating lands to public use. Morris v. Parish of Jefferson, 487 So.2d 647 (La.App. 5th Cir.1986).
Nevertheless, the intention to dedicate must be clearly established. Banta v. Federal Land Bank of New Orleans, 200 So.2d 107 (La.App. 1st Cir.1967), writ denied, 251 La. 46, 202 So.2d 657 (1967). If the fact of dedication is doubtful, the court must look to the surrounding circumstances to determine whether there was an intent to dedicate. Pioneer Production Corp. v. Segraves, 340 So.2d 270 (La.1976). When a rational construction of the record negates an intent of a landowner to dedicate a particular piece of land, the fact that reference to the land appears on a map does not effect a statutory dedication. Hailey v. Panno, 472 So.2d 97 (La.App. 5th Cir.1985).
An implied dedication results when there has been no substantial compliance with the statute but the property owner has nevertheless sold property by reference to a recorded plat. James v. Delery, 211 La. 306, 29 So.2d 858 (1947).
In the present case, the Whites rely upon O’Quinn v. Burks, 231 So.2d 660 (La.App. 2nd Cir.1970), to support their, claim that the property was not dedicated to public use. In O’Quinn, the developer filed a subdivision plat in substantial compliance with LSA-R.S. 33:5051. The appellate court found that the developer did not intend to dedicate a tract designated as a “Proposed Park” on the plat where the plat contained language dedicating streets and utility easements, but not a park.
The landowner defendants assert that Town of Vinton v. Lyons, 131 La. 673, 60 So. 54 (1912), is dispositive of the issue before us. Vinton held that the word “Park” inscribed on a recorded plat manifested the developer’s clear intent to dedicate the land to the public, and that an implied dedication became binding when the developer sold subdivision lots with reference to the plat. In Vinton, the plat did not contain any formal dedicatory language.
After carefully reviewing the record, we find that the Vinton case better addresses the issue before us. In O'Quinn, the developer only stated that the park was proposed, and his intent was not proven by a preponderance of the evidence. In Vinton, although there was no dedicatory language, the developer’s intent was clear: the undeveloped land was designated, not simply proposed, as a park, and his intent to leave the land undeveloped was established.
In the present case, although the dedicatory language did not refer to the park, the undeveloped land was designated, just as in Vinton, as a park. Likewise, the developer’s intent was established with his statement that “[the property was to remain] for the use and benefit of the owners of lots located in Charles Park.” On this basis, we find that the Vinton case is more analogous to the present case.
Moreover, we are further convinced of the correctness of the trial court ruling when we consider the developer’s recordation of the plat of survey, and its references to the plat in the sales to the lot owners. In Vinton, the Louisiana Supreme Court stated at page 678:
“The word ‘park’ written on a block at the instance of the owner in a plat, subdividing a tract of land into lots and blocks for the purpose of founding a town, is as significant of the dedication of such block to the public for a park, as the word ‘street’ on such plat is of a dedication for a public street ...
It would be contrary to equity and justice to hold that a real estate company could plat a town, make provisions for a park, sell lots from the plat after filing it for recordation and after the purchasers had built homes on their lots, and after the company no doubt received a better consideration for those lots, or many of them, because of the dedication, to then withdraw the dedication and make a sale of the property to a private individual.”
*814 We find that when a plat is filed of public record with an inscription, like “PARK”, and lots are sold pursuant thereto, the sub-divider should not profit at the expense of the purchasers who bought lots referenced to such a plat.
The O’Quinn case, relied upon by the Whites, was criticized by Professor A.N. Yiannopoulos in a case comment in The Work of the Appellate Courts for the 1969-1970 Term, 31 La.L.Rev. 202 (1971). The article questioned O’Quinn in light of recent cases which “tend to purport to protect the interests of persons buying property in a subdivision by finding a statutory dedication upon substantial compliance with the terms of the statute and by dispensing with the requirement of intention to dedicate.” Id. citing Chevron Oil Company v. Wilson, 226 So.2d 774 (La.App. 2nd Cir.1969), cert. denied, 254 La. 849, 227 So.2d 593 (1969). In Chevron Oil Company, the appellate court stated at page 777: “ ‘Where a plat is made and recorded and lots are sold with reference thereto, the requisite intention is generally indisputable.’ ” In like manner, we find it unjust in the case sub judice not to hold the original subdivider to the designations made on the plat, especially when he stated that it was his original intent to leave the disputed property undeveloped for use by the lot owners as a park.
The Yiannopoulos comment also questioned O’Quinn for its holding that “a dedication may be either statutory or implied but that it cannot be both.” Addressing this conclusion, Professor Yiannopoulos pointed out, “There is no reason why the statutory dedication of streets and servi-tudes should exclude the possibility of this third dimension of dedication.” Our holding further conflicts with O’Quinn in this regard. In the present case, the subdivision plat complies with the requirements necessary for a statutory dedication, and we have found that the inclusion of the word, “PARK”, at least constitutes an implied dedication. Thus, it may be said that this case sanctions the inclusion of a statutory and implied dedication in the same recorded document. We cannot discern a reason for making these forms of dedication mutually exclusive.
Lastly, the Whites urge us to declare that the City and the landowner defendants have converted this suit into a petitory action because they pleaded ownership of the disputed property. In a possessory action, the claim that the subject property is a public thing is a defense and, if successful, defeats the action. Todd v. State, Dept. of Natural Resources, 474 So.2d 430 (La.1985). Accordingly, the Whites are not entitled to judgment declaring that this action was converted into a petitory action.
Since we have maintained the trial court judgment, the issue of the Levee District’s conventional and/or legal servitude need not be reached.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Whites.
AFFIRMED.
DOMENGEAUX, C.J., dissents and assigns reasons.

. The plaintiffs are Paul D. White, Jr., Charles N. White, II, F. Lamar White, Paula White Hayes, and Martha Ann White.

. The named defendants are Henry A. Kinber-ger, Alonzo P. Wilson, Bengt Rossby, Edward A. Kaplan, Sheldon Deshotels, Jr., Isham Hudson, James W. Welch, Jr., Denzil D. Cole, Sr., the City of Alexandria, and the Red River, Atchafa-laya and Bayou Bouef Levee District.

. LSA-R.S. 33:5051 provides:
"A. Whenever the owner of any real estate desires to lay off the same into squares or lots with streets or alleys between the squares or lots and with the intention of selling or offering for sale any of the squares or lots, he shall, before selling any square or lot or any portion of the same:
(1) Cause the real estate to be surveyed and platted or subdivided by a licensed land surveyor into lots or blocks, or both, each designated by number.
(2) Set stakes, which shall be permanent in nature, at all of the corners of every lot and block thereof, properly marked so as to designate the correct number of each lot and block.
(3) Write the legal description of the land on the plat or map, and cause to be made and filed in the office of the keeper of notarial records of the parish wherein the property is situated and copied into the conveyance record book of such parish, and a duplicate thereof filed with the assessor of the parish, a correct map of the real estate so divided. B. The map referenced in Subsection A of this Section shall contain the following:
(1)The section, township, and range in which such real estate or subdivision thereof lies according to government survey.
(2) The number of squares by numerals from one up, and the dimensions of each square in feet and inches.
(3) The number of each lot or subdivision of a square and its dimensions in feet and inches.
(4) The name of each street and alley and its length and width in feet and inches.
(5) The name or number of each square or plat dedicated to public use.
(6) A certificate of the parish surveyor or any other licensed land surveyor of this state approving said map and stating that the same is in accordance with the .provisions of this Section and with the laws and ordinances of the parish in which the property is situated.
(7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys, and public squares or plats shown on the map to public use.
C. Formal dedication of property as a road, street, alley, or cul-de-sac shall impose no responsibility on the political subdivision in which the property is located until:
(1) The dedication is formally and specifically accepted by the political subdivision through a written certification that the road, street, alley, or cul-de-sac is in compliance with all standards applicable to construction set forth in ordinances, regulations, and policies of the political subdivision, which certification may be made directly on the map which contains the dedication; or
(2) The road, street, alley, or cul-de-sac is maintained by the political subdivision.”