DOMENGEAUX, Chief Judge,
dissenting.
The developer in the instant case filed a plat of survey with language expressly dedicating the streets and utility easements shown on the plat to public use but with no mention of an undeveloped tract that was labeled “Park.” These facts are almost identical to those presented in O’Quinn v. Burks, 231 So.2d 660 (La.App. 2d Cir.1970). Whether the tract was shown as a “Park” or a “Proposed Park” is unimportant. What is important is that in both cases the formal language of dedication did not include any reference to the undeveloped tract. Inclusio unis est exclusio alterius. A “park” or a “proposed park” is not a street or a utility easement.
The intent to dedicate must be established, whether the dedication is statutory or implied. If the fact of dedication is doubtful, the court must look to the surrounding circumstances to determine whether there was an intent to dedicate. Howard v. Louisiana Power and Light Co., 583 So.2d 503 (La.App. 5th Cir.1991). *815 When a rational construction of the record negates an intent to dedicate a particular piece of land, the fact that a reference to the land appears on a map does not, of itself, effect a dedication to public use. Pioneer Production Corp. v. Segraves, 340 So.2d 270 (La.1976).
In an affidavit, the original developer stated that he intended the property to remain undeveloped “for the use and benefit of the owners of lots located in Charles Park.” (Emphasis added.) This statement convinces me that the developer never intended to dedicate the disputed tract to public use. Lack of intent to dedicate is further found in the developer’s subsequent sale of the property, with warranty, to the plaintiffs’ ancestor in title.
The plat in Town of Vinton v. Lyons, 131 La. 673, 60 So. 54 (1912), contained the original layout of a proposed town. The tract involved was bisected by a railroad right of way, and there seemed to be no question that the area involved was meant to be a public park. In the instant case, a public park seems incongruous with the residential area depicted on the plat. Do the residents of Wyclyffe Way really want a park open to all across the street from their homes? The disputed tract has never been used as a park, either public or private, and the City of Alexandria has required the plaintiffs (the record owners) to maintain the property.
If the plat in this ease contained no formal words of dedication, then this case would be governed by Town of Vinton, supra. However, that language is present. The result reached by the majority requires us to either ignore the developer’s express intent or to, in effect, say that a street “is a park.” Other cases cited by the defendants, such as Parish of Jefferson v. Doody, 247 La. 839, 174 So.2d 798 (1965) and Garrett v. Pioneer Production Corp., 390 So.2d 851 (La.1980), hold only that the absence of a formal dedication clause will not defeat a statutory dedication of the streets and alleys shown on a recorded plat. The instant case is distinguishable in that (1) here, a formal dedication is present, and (2) the language of dedication does not include any reference to a valuable, undivided tract. I respectfully suggest that the majority opinion is based upon equitable considerations rather than an application of the law.
For the above reasons, I would reverse the action of the trial court.
I respectfully dissent.