I2FOGG, Judge.
The salient issue raised on appeal in this property case is whether a roadway located within a subdivision was statutorily or impliedly dedicated for public use.
On February 8, 1966, the developer of Broadmoor Heights Subdivision, Broadmoor Heights, Inc., caused a plat of that subdivision, which was prepared by Warren and Associates and dated June 10, 1965, to be recorded in the records of the Parish of Terrebonne under Entry No. 293354. That plat shows numerous streets, all of which are named. Block numbers are shown along all of the streets. However, only one street is lined with lots; that street is named Douglas Drive. Each lot on Douglas Drive is 108 feet deep and between 66 and 73.7 feet wide; the width of all streets is shown to be 50 feet. Gwendolyn Drive intersects Douglas Drive between Lot 25, Block 7, which adjoins the subject property to the west, and Lot 1, Block 8, which adjoins the subject property to the east. Both of these lots face Douglas Drive. Gwendolyn Drive does not continue across Douglas Street. The property in dispute consists of 108 feet of Gwendolyn Drive beginning where that street intersects with Douglas Street. There is no street dedication clause on this plat.
On April 1, 1966, Broadmoor Heights, Inc. filed in the conveyance records of the Parish of Terrebonne the Act of Restrictions for Broadmoor Heights Subdivision. Broadmoor Heights, Inc. sold Lots 9 and 10, Block 2 of Broadmoor Heights Subdivision to Sidney and Deeroche on June 13, 1966. Then, on June 16 and 17, 1966, it filed two revised plats of the subdivision; on these plats there is clause which, in part, states that Gwendolyn Drive is dedicated to the public as a right of way only.
On March 4, 1994, Ordinance 4071 was filed in the conveyance records. That ordinance was passed by the Terrebonne Parish Consolidated Government on September 28, *1176 1987, and purports to |3“de-dedicate and to abandon” the subject property, avering that it had been previously dedicated for use as a street.
The plaintiffs herein purchased the subject tract by a cash sale from Ulysse P. and Edna Henry Fanguy in 1995. The Fanguys acquired title from Central Appraisal Systems, Inc. in March of 1994. Central Appraisal Systems, Inc. acquired title to all of the assets of E.M. Glynn, Inc. by merger dated April 6, 1987, which had previously merged with and acquired the assets of Broadmoor Heights Subdivision on May 10,1974.
On October 18,1995, the plaintiffs filed the instant suit seeking a judgment declaring they are the sole owners of the subject property. Therein, the plaintiffs asserted that the subject property was never dedicated as a public road or street. Named as defendants were James and Bonnie Norton who are the owners of Lot 25, Block 7 of Broad-moor Heights Subdivision. Also named as a defendant was Robert Link who owns Lot 1, Block 8 of the Broadmoor Heights Subdivision.
After the issue was joined, the trial judge heard the plaintiffs’ motion for summary judgment and rendered judgment in then-favor finding that, under the plats filed on June 16 and 17, 1966, the tract was not dedicated as a public road. This appeal followed.
Louisiana has long recognized statutory and implied dedication of private property to the public use. Arkansas-Louisiana Gas Company v. Parker Oil Company, Inc., 190 La. 957, 183 So. 229 (1938). The effect of statutory dedication is to divest the original owner irrevocably of title and to remove the property from commerce. Once statutorily dedicated, the property is not susceptible of private or individual ownership. City of Covington v. Glockner, 486 So.2d 837 (La.App. 1 Cir.1986), writ denied, 488 So.2d 693 (La. 1986); Becnel v. Citrus Lands of Louisiana, Inc., 429 So.2d 459 (La.App. 4 Cir.), writ denied, 437 So.2d 1147 (La.1983). A street impliedly dedicated is ^subject not to ownership, but to a servitude of use. Hailey v. Panno, 472 So.2d 97 (La.App. 5 Cir.1985); Becnel v. Citrus Lands of Louisiana, Inc., 429 So.2d 459 (La.App. 4 Cir.), writ denied, 437 So.2d 1147 (La.1983).
The pertinent legislation is LSA-R.S. 33:5051 which provides the statutory basis for dedication in Louisiana as follows:
A. Whenever the owner of any real estate desires to lay off the same into squares or lots with streets or alleys between the squares or lots and with the intention of selling or offering for sale any of the squares or lots, he shall, before selling any square or lot or any portion of same:
(1) Cause the real estate to be surveyed and platted or subdivided by a licensed land surveyor into lots or blocks, or both, each designated by number.
(2) Set monuments at all of the corners of every lot and block thereof.
(3) Write the lot designation on the plat or map, and cause it to be made and filed in the office of the keeper of notarial records of the parish wherein the property is situated and copied into the conveyance record book of such parish, and a duplicate thereof filed with the assessor of the parish, a correct map of the real estate so divided.
B. The map referenced in Subsection A of this Section shall contain the following:
(1) The section, township, and range in which such real estate or subdivision thereof lies according to government survey.
(2) The dimensions of each square in feet, feet and inches, or meters.
(3) The designation of each lot or subdivision of a square and its dimensions in feet, feet and inches, or meters.
(4) The name of each street and alley and its length and width in feet, feet and inches, or meters.
(5) The name or number of each square or plat dedicated to public use.
(6) A certificate of the parish surveyor or any other licensed land surveyor of this state approving said map and stating that the same is in accordance with the provisions of this Section and with the laws and *1177 ordinances of the parish in whieh the property is situated.
(7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys, and public squares or plats shown on the map to public use.
|5C. Formal dedication of property as a road, street, alley, or cul-de-sac shall impose no responsibility on the political subdivision in which the property is located until:
(1) The dedication is formally and specifically accepted by the political subdivision through a written certification that the road, street, alley, or cul-de-sac is in
-compliance with all standards applicable to construction set forth in ordinances, regulations, and policies of the political subdivision, which certification may be made directly on the map which contains the dedication; or
(2) The road, street, alley, or cul-de-sac is maintained by the political subdivision.
The provisions of LSA-R.S. 33:5051 need not be complied with rigorously, and substantial compliance may effect a statutory dedication. Garrett v. Pioneer Production Corp., 390 So.2d 851 (La.1980); see also Dart v. Ehret, 466 So.2d 1336 (La.App. 5 Cir.), writ denied, 468 So.2d 575 (La.1985); L.E.C., Inc. v. Collins, 332 So.2d 565 (La.App. 1 Cir.1976). There is no set test as to what constitutes substantial compliance. The facts in each case must be considered.
Nevertheless, the intention to dedicate must be clearly established. Banta v. Federal Land Bank of New Orleans, 200 So.2d 107 (La.App. 1 Cir.1967), writ denied, 251 La. 46, 202 So.2d 657 (1967). If the fact of dedication is doubtful, the court must look to the surrounding circumstances to determine whether there was an intent to dedicate. When a rational construction of the record negates an intent of a landowner to dedicate a particular piece of land, the fact that reference to the land appears on a map does not effect a statutory dedication. Pioneer Production Corp. v. Segraves, 340 So.2d 270 (La.1976); Hailey v. Panno, 472 So.2d 97 (La.App. 5 Cir.1985).
An implied dedication results when there has been no substantial compliance with the statute but the property owner has nevertheless sold property by reference to a recorded plat. James v. Delery, 211 La. 306, 29 So.2d 858 (1947); Holmes v. Parish of St. Charles, 94-844 (La.App. 5 Cir. 3/15/95), 653 So.2d 653; White v. Kinberger, 611 So.2d 810 (La.App. 3 Cir.1992), writ denied, 614 So.2d 84 (La.1993).
Initially, we note that the trial court’s reliance on the plats filed on June 16 and 17, 1965 is misplaced. The original plat was filed prior to the sale of two lots on June 13, 1966; we must look to that plat to determine whether the disputed tract was statutorily dedicated for public use.
In the instant case, the Broadmoor Heights Subdivision Plan was prepared by Warren and Associates in 1966. It listed the section, township and range in which the subdivision is located. It showed the number of each lot and its dimension in feet and inches. It showed the name of each street and its length and width in feet and inches. Two lots in the subdivision were sold before any change in the plat was attempted by the subdivider. There is considerable jurisprudential support for the conclusion that the original plat complied sufficiently with LSA-R.S. 33:5051 to effectuate a statutory dedication of the subject property to the public.
In Town of Vinton v. Lyons, 131 La. 673, 60 So. 54 (1912), the court held that the word “Park” inscribed on a recorded plat manifested the developer’s clear intent to dedicate the land to the public, and the dedication became binding when the developer sold subdivision lots with reference to the plat. In Vinton, the plat did not contain any formal dedicatory language.
In Garrett v. Pioneer Production Corp., 390 So.2d 851 (La.1980), the identity of the person who recorded the survey plan in the conveyance office was not known, sales occurred prior to the recordation of the map, there was no certificate of a parish surveyor or formal act of dedication, and some street names were not shown. Nevertheless the Supreme Court considered the many sales made after recordation referring to the plat, *1178 determined there was an implicit intent to dedicate, and found substantial compliance.
In Dart v. Ehret, 466 So.2d 1336 (La.App. 5 Cir.1985), writ denied, 468 So.2d 575 (La. 1985), the court was confronted with a recorded plan but no certification by a parish surveyor or formal dedication. The identity of the person who recorded the subdivision plan was unknown as well as the date of recordation. The owner never made a sale referencing the survey, and some streets were unnamed. There was testimony of the position of the survey or plan in the map book of the conveyance records, but that did not indicate the date of filing. An expert abstractor testified the plan had been recorded for over 30 years.
Dart cited Garrett and concluded the land had been subdivided according to the plan prior to the sale at issue even though the plan was not attached to the act of sale. The plan showed strips obviously intended to become streets (although unnamed) running between developed streets and highways. The court upheld the trial court’s finding of substantial compliance.
In Parish of Jefferson v. Doody, 247 La. 839, 174 So.2d 798 (1965), the court concluded that the failure to include a surveyor’s certificate and a dedicatory clause did not prevent the plat from being in substantial conformity with the law. The absence of a dedicatory clause was found to be insubstantial because the court believed that:
[I]mplieit in the act of filing of a plan of subdivision in the map book of the parish, showing squares, lots, streets, alleys and walkways, is the intent on the part of the subdivider of dedicating the streets, walks and alleys to the public use....
247 La. at 854,174 So.2d at 803.
Clearly, a statutory dedication may exist even though there is no language in the plat formally dedicating lands to public use. See also Holmes v. Parish of St. Charles, 94-844 (La.App. 5 Cir. 3/15/95), 653 So.2d 653; Howard v. Louisiana Power & Light Company, 583 So.2d 503 (La.App. 5 Cir.1991); Morris v. Parish of Jefferson, 487 So.2d 647 (La.App. 5 Cir.1986). The intent lato dedicate the streets is generally presumed from the act of filing the subdivision plan. 247 La. 839, 174 So.2d 798 at 803.
Considering the foregoing jurisprudence, we find that the plat filed on February 8, 1966 complies substantially with the requirements of LSA-R.S. 33:5051. Thus, the disputed property was statutorily dedicated for public use and, at that time, ownership of the tract was vested in the public.
For the foregoing reasons, the judgment of the trial court is reversed and judgment is rendered in favor of the defendants, dismissing the. plaintiffs’ suit. Costs are assessed against Daron Cavaness, Jason Cavaness and Lonnie Cavaness.
REVERSED AND RENDERED.