I pFITZSIMMONS, J.
Appellants, Stonegate Homeowners Civic Association, David Blouin, James Chet-ta, Connie S. Chetta, Harold Leone, Martha B. Miller, Mary A. O’Keefe, Barbara Richert and Fred Townsend (Stonegate), appeal a grant of an involuntary dismissal by the trial court in favor of the City of Baton Rouge/Parish of East Baton Rouge (City/Parish). The trial court held that Stonegate had not met its burden to prove the existence of a dedication of the streets within the subdivision at issue. Following a review of the law and the facts, this court reverses and remands.

ZONING CLASSIFICATION DEBACLE

The tortured and ill-founded grant by City/Parish of a hybrid form of zoning development creates the confusion related to the dedication of the streets within the Stonegate Subdivision. As ratified by the City/Parish planning commission, the Stonegate Subdivision does not comply *442 with the City/Parish’s designated zoning classifications.
Stonegate Subdivision was originally presented for approval as a townhouse development. A townhouse development is required to conform to a distinctive set of zoning requirements established pursuant to Subdivision Regulations, Section XVI3, City of Baton Rouge/Parish of East Baton Rouge [1] However, at the time of its approval, the planning commission ratified an alteration of the preliminary plat for the proposal from “townhouses” to “zero lot line” housing. The commission, thereafter, noted in its recorded vote of approval that “[s]treets, drainage and lot sizes are unchanged.”
A review of the final plat for Stonegate Subdivision, approved by the Planning Director of the City/Parish Planning Commission, East Baton Rouge |3Parish, Louisiana, reveals the following language, in pertinent part:
2. The right of way of streets shown hereon, if not previously dedicated is hereby dedicated to the perpetual use of the public. All areas shown as servi-tudes are granted to the public for ... other proper purpose for the general use of the public....
3. All street improvements shall be 22' wide and will be 6" concrete pavement on a compacted subgrade.
[[Image here]]
6. This proposed subdivision is located within the A2.5 (townhouse) zoning district of East Baton Rouge Parish.
The plat contains plans for passageways identified as “Stonegate Court” and “Bell-glen Lane.” There are also references to various “access drives” along the townhouse-type rows, which are not individually identified with names. These drives feed into Stonegate Court or Bellglen Lane, whose dedication City/Parish does not dispute. The “drives” form the only east-west roadways for vehicular travel from the houses across the subdivision to the nearest connecting street. The distance of the drives serving as roadways extends as far as nine hundred feet.
Stonegate claims that the plat’s designated “access drives” are dedicated streets, subject to City/Parish maintenance. City/Parish avers that the access drives were never identified as “streets” in the final plat for which the City/Parish accepted maintenance. Instead, it purports that the roadways remained “drives” or “driveways,” which were owned by the developer and not maintained by City/Parish. See Subdivision Regulations, Section XVI3. Town House Subdivision (d)(4).
James R. Clary, who was accepted as an expert in civil and consulting engineering, commented on the “inconsistencies” in the City/Parish approved plans for a single-family zero lot line development within the A2.5 (townhouse) zoning district. He noted the breach by the planning commission in its failure to comply with the directives of the A2.5 zoning, as well as the fact that a proper zoning classification did not appear to have ever been effected, either proeedurally or 14substantively. The City/Parish now leans on its blurred application of the subdivision requirements to avoid maintenance of the “drives” on which the individual homes of the approved development front.[2]

*443
JURISPRUDENCE

Louisiana has never formulated a comprehensive approach to dedication to public use. St. Charles Parish School Board v. P & L Investment Corporation, 95-2571, p. 4 (La.5/21/96), 674 So.2d 218, 221. However, jurisprudential recognition of four types of dedication has evolved: formal, statutory, implied, and tacit. St. Charles Parish School Board, 95-2571 at p. 5, 674 So.2d at 221. At issue herein is the existence, vel non, of a statutory dedication.
The provisions of La. R.S. 38:5051 provide for a dedication of property to public use, as follows, in pertinent part:
B. The map ... shall contain the following:
[[Image here]]
(7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys, and public squares or plats shown on the map to public use.
C. Formal dedication as a road, street, alley, or cul-de-sac shall impose no responsibility on the political subdivision in which the property is located until:
(1) The dedication is formally and specifically accepted by the political subdivision through a written certification that the road, street, alley, or cul-de-sac is in compliance with all standards of the political subdivision, which certification may be made directly on the map which contains the dedication; or
(2) The road, street, alley, or cul-de-sac is maintained by the political subdivision.
A statutory dedication vests ownership in the public, unless the subdivider expressly reserves ownership of streets and grants the public only a servitude of use. St. Charles Parish School Board, 95-2571, p. 5, 674 So.2d at 222; Arkansas-Louisiana Gas Company v. Parker Oil Company, Inc., 190 La. 957, 183 So. 229, 238 (1938) (on rehearing). Notwithstand ing the statutory requisites, substantial compliance has been jurisprudentially deemed to suffice to accomplish a statutory dedication. Garrett v. Pioneer Production Corporation, 390 So.2d 851, 856 (La.1980). Thus, inefficiencies in the plat alone, such as a failure to indicate some street names on the plat and the absence of a certificate of a parish surveyor or formal act of dedication, have not vitiated an intent to dedicate. Id. Nevertheless, the intention to dedicate must be clearly established. Cavaness v. Norton, 96-1411, p. 5 (La.App. 1 Cir. 5/9/97), 694 So.2d 1174, 1177. If the fact of dedication is doubtful, the court must look to the surrounding circumstances to determine whether there existed an intent to dedicate. Id. The conduct of the parties in interest may be considered as corroborative evidence. Garrett, 390 So.2d at 857.

APPLICATION

The essence of this appeal can be narrowed down to whether the “drives” delineated on the final plat were “streets.” “Streets” and “alleys” are identified in “Section XIV. Final Plats” of the Subdivision Regulations.[3] Section XIV does not refer to “drives” because the term “drives” falls under the portion of the subdivision regulations reserved for townhouse devel *444 opments, i.e., Section XVI. Variations and Exceptions” of the Subdivision Regulations.
Looking to the surrounding circumstances and the conduct of the parties in this instance, we are painfully cognizant of City/Parish’s unorthodox melding of two diverse classifications of zoning developments. When the City/Parish elected to change the townhouse proposal to a zero lot line development, the nomenclature 1 fiof the two distinctive concepts became inextricably interwoven. The City/Parish’s acceptance of the plat as a. zero lot line development concomitantly vitiated the townhouse concept of “access drive.” We note that expert testimony at trial indicated that the “drives” conformed to the written City/Parish requirements on the subdivision plat that the street improvement be twenty-two feet wide. Moreover, Mr. Clary opined that the final plat for Stone-gate Subdivision showed the right-of-way turning from Stonegate Court and extending along the access drive. Residents testified that the drives had consistently served as public streets through the years until the maintenance issue that produced this litigation arose. Finally, the subdivision restrictions only included “driveways” as part of the individual’s maintenance requirements, rather than including the roadway area of the drives in front of the homes.
Given the afore noted unique circumstances, this court finds that the trial court manifestly erred in its grant of an involuntary dismissal. Based on the evidence submitted on behalf of Stonegate, the term “drives” should have been legally interpreted as “streets” when the planning commission ratified the development proposal. The evidence reveals an intent to dedicate the streets within the subdivision to' the City/Parish. Moreover, City/Parish demonstrated its intent to accept the dedication when it stated on the final plat: “The right of way of streets shown hereon, if not previously dedicated are hereby dedicated to the perpetual use of the public » [4]
Accordingly, the trial court judgment granting an involuntary dismissal is reversed. The case is remanded to the trial court to allow the City/Parish the opportunity to present countervailing evidence at a full trial of this matter. All 17costs associated with this appeal in the sum of $2,076.29 are assessed to the City of Baton Rouge/Parish of East Baton Rouge.
REVERSED AND REMANDED.
GUIDRY, J., concurs.

. City Ordinance 402 and Parish Ordinance 384

. We are concerned that governmental planning and zoning bodies, and ultimately, the governing authority itself, disregarded the parameters of zoning. Such reckless disregard for the parameters of zoning for proposed developments deleteriously impacts the infrastructure and "the common good.” Violation of the zoning regulations may well expose such bodies and/or individual members to a *443 cause of action for malfeasance and/or damages by an aggrieved citizen.

. Section III of the Subdivision Regulations defines a "street” as a “right-of-way dedicated to public use which provides vehicular and pedestrian access to the back or side of properties also abutting on a street.”

. The dedication of the streets is expressly limited to the "right of way.” There is no evidenced intent to dedicate ownership of the streets; however, ownership of property does not preclude the dedication of a street "for the public use.” Such an interpretation conforms with the plat, which contains demarcations to the center of the drives that conform with individual ownership to the middle of the drives.