*1079
 
 McClendon, j.
 

 12Plaintiffs appeal a trial court judgment dismissing their case as abandoned For the reasons that follow, we grant the defendants’ motion to dismiss the plaintiffs’ appeal as untimely.
 

 FACTS AND PROCEDURAL HISTORY
 

 Stonegate is a subdivision located in Baton Rouge, Louisiana. Plaintiff Stonegate Homeowner’s Civic Association originally filed suit in 1987 against several defendants, including the contractor that constructed the infrastructure improvements, engineer and subcontractors, as well as the City of Baton Rouge/Parish of East Baton Rouge (City/Parish), alleging that the sewage drains in the streets were caving in and that the streets were not being maintained by any of the defendants. Stone-gate Homeowner’s Civic Association later amended its petition to name additional plaintiffs, who were all residents in the Stonegate subdivision. We will refer to the plaintiffs collectively as “Stonegate.”
 

 All defendants, except the City/Parish, were later dismissed from the litigation. Stonegate has maintained its suit against the City/Parish with claims that the streets, sewers, and storm drainage in the subdivision were accepted for public maintenance by the City/Parish.
 

 A trial on the merits commenced on January 28, 2001. At the conclusion of Stonegate’s presentation of evidence, the City/Parish made an oral motion for involuntary dismissal, which the trial court granted. On December 20, 2002, this court found that the “trial court manifestly erred in its grant of an involuntary dismissal.”
 
 Stonegate Homeowners Civic Ass’n v. City of Baton Rouge/Parish of East Baton Rouge,
 
 01-2883, p. 6 (La.App. 1 Cir. 12/20/02), 836 So.2d 440, 444,
 
 writ denied,
 
 03-0786 (La.5/9/03), 843 So.2d 407. This court reversed the grant of the involuntary dismissal and remanded the matter “to the trial court to allow the City/Parish the opportunity to present countervailing evidence at a full trial of this matter.”
 
 Id.
 

 In accord with this court’s instructions, a full trial on the merits was held on October 31, 2006. The matter was taken under advisement and the court bordered post-trial memoranda. The trial court ordered Stonegate to file its memorandum by November 15, 2006, the City/Parish to file its memorandum by November 30, 2006, and Stonegate to file any rebuttal, if necessary, by December 8, 2006.
 

 No further action was taken until November 16, 2009, when Stonegate submitted a post-trial memorandum to the trial court.
 
 [1]
 
 In response, on May 26, 2010, the City/Parish filed a Motion to Dismiss Suit on Grounds of Abandonment. On June 15, 2010, the district court dismissed the suit as abandoned. Notice of judgment was served, by personal service, on counsel of record for Stonegate on June 23, 2010.
 

 Stonegate did not file a motion to set aside the dismissal based on abandonment, nor did it file a motion for new trial or judgment notwithstanding the verdict. On September 15, 2010, Stonegate filed a Motion and Order for Devolutive Appeal. In its appeal, Stonegate asserts that the trial court erred in dismissing the case as abandoned after it had been submitted for decision.
 

 TIMELINESS OF APPEAL
 

 The City/Parish has filed a motion to dismiss Stonegate’s appeal as untimely. Because Stonegate did not file a motion for
 
 *1080
 
 new trial or judgment notwithstanding the verdict, the City/Parish avers that LSA-C.C.P. art. 2087 applies herein and requires that a devolutive appeal be sought within sixty days of “[t]he expiration of the delay for applying for a new trial or judgment notwithstanding the verdict.” LSA-C.C.P. art. 2087 A(1). The City/Parish avers that Stonegate’s motion for new trial or judgment notwithstanding the verdict had to be filed by July 2, 2010.
 
 See
 
 LSA. C.C.P. art. 1974. Because no such motion was filed, the City/Parish asserts that Stonegate had sixty days from July 2, 2010 to appeal. The City/Parish concludes that the underlying appeal filed on September 15, 2010, after the expiration of said sixty days, is untimely.
 

 |4In addition to LSA-C.C.P. art. 2087, we note that LSA-C.C.P. art. 561 provides, in pertinent part:
 

 (4) A motion to set aside a dismissal [based on abandonment] may be made only within thirty days of the date of the sheriffs service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1918(A) and shall file a certificate pursuant to Article 1913(D).
 

 (5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriffs service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk’s mailing of the order of denial.
 

 Stonegate appears to argue that pursuant to LSA-C.C.P. art. 561, it had ninety days to appeal the judgment, asserting that the 30-day and 60-day time limits referenced in subparagraphs 4 and 5 above should be tacked together. We disagree. Because Stonegate did not file a motion to set aside the trial court’s dismissal, the clear language of LSA-C.C.P. art. 561 A(5) required that Stonegate file its notice of appeal “within sixty days of the date of the sheriffs service of the order of dismissal.” As noted above, the sheriff personally served Stonegate with a judgment of dismissal on June 23, 2010.
 
 [2]
 
 As such, the September 15, 2010 notice of appeal was beyond the sixty days required by law. Therefore, Stonegate’s appeal is untimely. Having so found, we do not address the merits of the appeal.
 

 For the foregoing reasons, we grant the City/Parish’s motion to dismiss Stonegate’s appeal. Additionally, we note that the City/Parish had filed a motion to supplement the record with the Notice of Service of Judgment and with the Three-Year Certificate prepared by a deputy clerk of court. However, after the City/Parish filed its motion, the referenced materials were supplemented by the district court and filed into the record. Therefore, we deny the City/Parish’s | ¡¡motion to supplement the record as moot. Costs of this appeal are assessed against Stonegate.
 

 MOTION TO SUPPLEMENT APPELLATE RECORD DENIED AS MOOT; MOTION TO DISMISS APPEAL GRANTED.
 

 [1]
 

 . We note that the district court judge sitting at the time of the October 31, 2006 trial had retired by the time the post-trial memorandum was filed.
 

 [2]
 

 . Although the notice indicates that Stonegate was served with a "Motion to Dismiss Suit on Grounds of Abandonment” as opposed to a judgment of dismissal, Stonegate does not dispute that the judgment of dismissal was attached to the notice. Stonegate, in its motion for devolutive appeal, acknowledged that the "[njotice of the judgment of abandonment was served on plaintiffs on June 23, 2010.”